## City of Philadelphia v. Englander

*J. Sharfsin,* for plaintiff.

*H. E. Stern,* for respondent.

*Richman & Richman,* for petitioner (Pasquale Di-Benedetto).

SMITH, P. J., October 28, 1947.—Pasquale DiBenedetto, who is not a party to this litigation, has filed a petition with this court to set aside a sheriff's sale of premises 42 North Sixtieth Street, Philadelphia, which sale took place on Monday, August 4, 1947, upon the suit of the City of Philadelphia arising out of a certain tax claim against the registered owner, Gussie

Englander. This sale took place under the provisions of the Municipal Lien Act of May 16, 1923, P. L. 207, section 31, as amended by the Act of May 22, 1945, P. L. 844, 53 PS §2051.1.

According to the petition filed by DiBenedetto and the answer filed on behalf of Louis B. Runk, respondent, the sheriff held a sale on August 4, 1947, and the sheriff's auctioneer, Samuel Freeman, knocked down the property as sold upon the bid of Louis B. Runk, of the Philadelphia bar, for the sum of $950. It is the contention of petitioner, Pasquale DiBenedetto, that he also presented a bid to the auctioneer in the sum of $950. He asked the auctioneer to resell the property. This the auctioneer refused to do. The auctioneer stated at the time that he knocked down the property to what he described the "old man", meaning Louis B. Runk. The City of Philadelphia, which was represented at the sale, did not object to the decision of the auctioneer, who acted of course as the agent for the City of Philadelphia in selling the property.

In the depositions, the auctioneer testified that he did not know of the DiBenedetto bid and only heard the bid of Louis B. Runk to whom he knocked down the property.

It has been decided in Fisher v. Seltzer, 23 Pa. 308, that a sheriff's sale is completed when the property is knocked down by the sheriff; and in 5 Am. Jur. 458, it is stated that the sheriff and his auctioneer are possessed of a large amount of discretion in the conduct of a sheriff's sale.

The only complaint petitioner here makes is based upon the assertion that the auctioneer failed to hear or to recognize his bid. It does seem to us that where there is no question about the bona fides of the auctioneer, he may at his discretion either sell or refuse to resell the property in question. Here the auctioneer

exercised his discretion in the presence of his principals, namely, the sheriff and the City of Philadelphia. It is patent that neither of the principals whom the auctioneer represented asked for a resale or questioned the discretion of the auctioneer. It seems to us that where there is no question as to the bona fides of the auctioneer, the better practice would be to abide by the sale as made by him. Unless we establish the rule in this jurisdiction that the auctioneer has no discretion to name the person to whom he knocked down the property, and where there is no question of his bona fides, it would be far better to adopt the action taken by him than to order resale. It can be seen that if the matter were not specifically and finally determined by the action of the auctioneer, that there might be considerable litigation resulting from sheriff's sales. After reading the depositions and the pleadings, we are of the opinion that the auctioneer was not guilty of any arbitrary use of discretion and that the sale was properly made to Louis B. Runk.

*Order*

And now, to wit, October 28, 1947, the prayer of petitioner for the resale is denied.